May 4, 2020

FILED 05/08/2020

CLERK
U.S. BANKRUPTCY
COURT - WDPA

Honorable Gregory L. Taddonio, Bankruptcy Judge
Courtroom A – 54th Floor
U.S. Steel Tower, 600 Grant Street
Pittsburgh, PA 15219

RE: Application for Counsel Fees

Honorable Judge Taddonio,

I am writing in response to the application for counsel fees letter received from Lauren M. Lamb dated April 23, 2020. At this time, I would like to challenge the request based on the conversation that was held at our original consultation as well as some discrepancies found in the application for counsel fees letter and accompanying documentation.

At our original consultation I was hesitant to sign the agreement with Lauren because I had less than favorable experiences that were supposed to help us with our debt and ended up creating more debt. I shared with Lauren that I was concerned about hidden costs or add on costs that would end up putting us deeper in debt as a result of the bankruptcy process. I shared, with Lauren, our negative experience with Harold Shepley & Associates, and a previous work injury law suite that caused us to go further into debt rather than the promised outcomes. Lauren assured me that there would be no hidden costs. Lauren assured me that a bankruptcy was different than the credit repair program, and she was different than the attorney that was disbarred causing me to settle my court case at a loss.

I did finally agree and signed the paperwork that was presented to me; however, this is where a discrepancy exists. In reviewing the accompanying documentation, specifically Exhibit A, the attached copy of the fee agreement is not familiar to me. I do not recall viewing this document or signing it. As I was already concerned about hidden fees, I believe this form would have raised concerns as the language suggests there would potentially be additional costs.

Within the application for counsel fees item number 3. discusses Exhibit B the Disclosure of Compensation of Attorney for Debtors, I believe includes another discrepancy. Section 1 shows fees of $5,500.00 accepted, $1,100.00 had been received with a balance due of $4,400.00. However, the application for counsel fees item 10. States that only a $600.00 retainer had been received leaving a balance due of $10,170.00. The balance due is suggested to be composed of $3,400.00 in fees already approved. Why do the numbers not add up? $600.00 as opposed to $1,100.00 and $3,400.00 instead of $4,400.00.

In Exhibit D, the listing of time and services, I notice that the billing statement begins from the initial consultation. I understand that Steidl & Steinberg has to track their hours and know where their time is being spent. From reading through this billing statement it appears to me that all tasks were totaled and the $3,400/$4,400 was deducted and we are expected to pay any additional costs, which was not what was agreed to. We were told that everything that was required to perform the bankruptcy was covered in the $3,400/$4,400 cost that we agreed to. I am not an expert and do not have any idea what should be covered in a bankruptcy case so I cannot look at the billing and determine what should be a part and what should be extra. To that extent I cannot say that everything that was done for our case is not a part of a typical bankruptcy case. In which case that would mean that there should have been a separate accounting for items outside the scope of the covered expenses and not all one billing.

Thank you for your consideration.

Dwayne R. Hagerty

*[signature]*

Sally E. Hagerty

*[signature]*